IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-903-HE |
| | ) | |
| GEO CORRECTIONS; AMBER MARTIN, in his official and individual capacity; FNU COLLINS, Warden's Assistant, in their official and individual capacity; FNU CALDWELL, Warden's Assistant, in their official and individual capacity; MARK KNUTSON, Dir Designee ODOC, in his official and individual capacity; JOHNNY BLEVINS, Inspector General, in his official and individual capacity; JANE DOE, Female Agent Inspector General, in her official and individual capacity; FNU LUNA, CO, in their official and individual capacity; FNU DAWSON, Lt Grievance/ Misconduct Coordinator, in their official and individual capacity; FNU ADAMS, Sgt, in their official and individual capacity; FNU WEAKS, Mental Health, in their official and individual capacity; FNU JAMES, Lt, in their official and individual capacity; FNU MYERS, Sgt, in their official and individual capacity; FNU SAN-NICHOLAS, CO, in their official and individual capacity; FNU TYLER, CO, in their official and | ) | |

| | |
|---|---|
| individual capacity; FNU CLARK, CO, in their official and individual capacity; FNU SALADONA, CO., in their official and individual capacity; FNU CLARK, CO., in their official and individual capacity; FNU RICH, CO., in their official and individual capacity; FNU RICH, CO., in their official and individual capacity; FNU McCLUNG, CO, in their official and individual capacity; FNU COBBINS, House 8 Unit Manager, in their official and individual capacity; RICHARD WILSON, House One Unit Manager, in his official and individual capacity; FNU HULDMAN, Mailroom Clerk, in their individual capacity; FNU VAN-WINKLE, CO, in their official and individual capacity; Christina Thoma, Health Services Administrator, in her official and individual capacity; DAN RONAY, Director, in his official and individual capacity; FNU MORAN, Case Manager, in their official and individual capacity; JOE M. ALLBAUGH, Interim Director, in his official and individual capacity; OKLAHOMA DEPARTMENT OF CORRECTIONS; FNU ELLINGTON, Lt, in their official and individual capacity; JOHN DOE NO. 1, in his official and individual capacity; JOHN DOE NO. 2, in his official and individual capacity; JOHN DOE NO. 3, in his official and individual capacity; FNU CANTRELL, CO, in their | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| official and individual capacity;<br>FNU DURHAM, CO, in their<br>official and individual capacity,<br><br>Defendants. | )<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Ezekiel Davis (Plaintiff), a state prisoner appearing pro se,[1] brings this action under 42 U.S.C. § 1983 claiming violations of his constitutional rights. Doc. 1. Plaintiff requests in forma pauperis (ifp) status. Doc. 2.[2] Chief United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. For the following reasons, the undersigned recommends the denial of Plaintiff's motion to proceed ifp and the dismissal without prejudice of this conditionally filed action unless Plaintiff pays the full $400 filing fee within twenty-one days from the date of any order adopting this Report and Recommendation.

---

[1] The court construes Plaintiff's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Quotations are verbatim unless indicated.

I. Analysis.

   A. The three-strikes rule.

The Prison Litigation Reform Act's (PLRA) "'three strikes rule,'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011) (citation omitted), was "'designed [by Congress] to bring [prisoner] litigation under control.'" *Childs v. Miller*, 713 F.3d 1262, 1264-65 (10th Cir. 2013) (citation omitted). "Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action . . . in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .'" *Hafed*, 635 F.3d at 1176 (quoting 28 U.S.C. § 1915(g)). Congress did not bar a prisoner with three strikes from filing new civil actions but, instead, eliminated a three-striker's privilege of proceeding ifp "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   B. Plaintiff has accumulated three strikes.

Plaintiff included what he termed a Notice To The Court (Notice) as part of his complaint. Doc. 1, at 61-62. He acknowledged in his Notice that he has accumulated three strikes and is required to prepay the entire filing fee before this Court may consider any new action, absent a demonstration that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see* Doc. 1, at 61.

4

### C. Imminent-danger exception.

To satisfy the imminent danger-exception, a prisoner is "required to make 'specific, credible allegations of imminent danger of serious physical harm.'" *Hafed*, 635 F.3d at 1179 (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001)). "Every circuit to have decided the issue so far has concluded that [§ 1915(g)'s] use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Id.*

### D. Plaintiff's current place of incarceration.

Plaintiff signed the instant complaint under penalty of perjury on August 16, 2017, Doc. 1, at 63, and mailed it to this Court where it was filed on August 23, 2017. He claimed the address of the Lawton Correctional Facility (LCF) as his current address, *id.* at 2,[3] despite then mailing the complaint from the Davis Correctional Facility (DCF)[4] where he has been confined since May 31, 2017, at the latest.[5] *Id.* Att. 1.

---

[3] LCF is a private prison located in Lawton, Oklahoma, operated by GEO Group, Inc. See https://www.ok.gov/doc/Organization/Field_Operations/Region_III/Lawton_Correctional_Facility.html.

[4] DCF is a private prison located in Holdenville, Oklahoma, operated by Corrections Corporation of America. See https://www.ok.gov/doc/Organization/Field_Operations/Region_III/Davis_Correctional_Facility.html.

[5] *See Davis v. GEO Corrs.*, Case No. CIV-16-462-HE, Doc. 37 (W.D. Okla.).

### E. Plaintiff's allegations are not sufficient to satisfy the imminent-danger exception.

To meet the imminent-danger exception, Plaintiff must allege harm that is "imminent or occurring at the time the complaint is filed." *Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 793 (10th Cir. 2012) (internal quotation marks omitted). Here, in his Notice regarding his three strikes and his resulting obligation to demonstrate imminent danger, Plaintiff recounted what he "outlined in Claims One thur Four . . . ." Doc. 1, at 61. This summary includes claims of: sexual harassment; retaliation; receiving misconduct charges after filing a lawsuit; a correctional officer "twist[ing his] wrist, call[ing him] a 'nigger' and t[elling him] he would never give [him] a shower again"; failure to "properly address all [Requests to Staff]"; and, restrictive housing placement. *Id.* at 61-62. He then alleged, "The First Amendment is often inconvenient, however, that is beside the point. Inconvenience does not absolve the government of its obligation to tolerate speech." *Id.* at 62. Finally, Plaintiff concluded that "[the "Defendants have basically tortured [him] with violations of [his] constitutional rights, their own policy." *Id.*

To the extent, if any, that Plaintiff's allegations suggest any serious physical injury, he has failed to plausibly allege that he was "under *imminent danger* of serious bodily injury" when he filed this action on August 16, 2017, while housed at DCF. 28 U.S.C. § 1915(g) (emphasis added). The events he

6

describes allegedly occurred at LCF, not DCF, from "Oct[ober] 4 or 5, 2016," Doc. 1, at 15, until "Jan[uary] 30, 2017," at the latest. *Id.* at 46. These "allegations of past harm do not suffice . . . ." *Stine*, 465 F. App'x at 793 (internal quotation marks and brackets omitted).

## II. Recommendation and notice of right to object.

The undersigned recommends the denial of Plaintiff's motion to proceed in forma pauperis, Doc. 2, and the dismissal without prejudice of this conditionally filed action unless Plaintiff pays the full $400 filing fee within fourteen days from the date of any order adopting this Report and Recommendation.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before November 29, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

7

**ENTERED** this 9th day of November, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE